UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VANESSA COOPER,**

    Petitioner,

v.                                           **CASE NO. 8:16-cv-1848-T-27AEP**
                                                **CRIM. CASE NO. 8:13-cr-187-T-27AEP**

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER**

**BEFORE THE COURT** are Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (cv Dkt. 1), and supplement to the motion (cv Dkt. 2). Such a motion must be reviewed prior to service. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly dismissed without a response from the United States. 28 U.S.C. § 2255(b).

**BACKGROUND**

Petitioner and three others were charged by Indictment with conspiracy to possess with intent to distribute 500 grams of more of methamphetamine (Count One), and possession with intent to distribute 500 grams of more of methamphetamine (Count Two) (cr Dkt. 23). Petitioner was convicted as charged (cr Dkt. 185). She was sentenced to 204 months in prison on Counts One and Two, concurrent, to be followed by 5 years supervised release (cr Dkts. 221, 223). Her convictions were affirmed on April 24, 2015 (cr Dkt. 281). The Supreme Court denied certiorari on October 19,

2015 (cr Dkt. 291).

## DISCUSSION

**Grounds One and Two**

Petitioner contends that trial counsel was ineffective in failing to investigate, interview, depose, and call witnesses. This claim does not warrant relief because it is wholly vague and conclusory. Petitioner does not 1) identify the witnesses and the substance of their testimony, and 2) show that they would have been available to testify. Her vague and unsupported contention of uncalled witnesses is insufficient to warrant relief. *See Tejada v. Dugger*, 941 F.2d at 1559 (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim); *Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001) (mere speculation that missing witnesses would have been helpful is insufficient to meet a petitioner's burden of proof).

**Grounds Three and Four**

In Ground Three, Petitioner contends that she was denied due process because "her 'Miranda' rights were never read to her." In Ground Four, she complains that she was denied due process during sentencing because the court failed "to consider the 18 USC 3553(a) factors and flaws in the sentencing guidelines."

Because these issues were available to Petitioner during direct appeal, but were not raised, they are procedurally defaulted. A claim that was available but was not raised in the district court or on appeal is procedurally defaulted from consideration on collateral review, absent cause and prejudice or actual innocence. *McCoy v. United States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001); *Bousley v. United States*, 523 U.S. 614, 622 (1998). To show cause for not raising a claim, a petitioner must show that "some objective factor external to the defense" impeded his ability to raise

the claim previously. *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir.), *cert. denied*, 543 U.S. 891 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal citations omitted). To establish actual innocence, a petitioner must demonstrate factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623-24. Petitioner has not demonstrated cause for the default, or that she is actually innocent of the crimes of conviction.

Moreover, the claims warrant no relief. With regard to Ground Three, the failure to advise a defendant of her *Miranda* rights[1] in of itself does not violate the Constitution or undermine the validity of a conviction. *Jones v. Cannon*, 174 F.3d 1271, 1290 (11th Cir. 1999) (citation omitted). Rather, 'the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination. . . ." *Id*. (citing *Warren v. City of Lincoln, Neb.*, 864 F.2d 1436, 1442 (8th Cir.1989)). Petitioner does not allege or show that any self-incriminating evidence was obtained from her. With regard to Ground Four, the Section 3553 factors were carefully considered (see cr Dkt. 239, pp. 27-32),[2] and Petitioner's assertion that the guidelines are "flawed" is entirely vague and

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 479 (1966) (prior to questioning, a suspect must be warned "that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.").

[2] "Section 3553 provides that, in imposing a sentence, the district court must consider factors including (1) the nature and circumstances of the offense; (2) the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with correctional treatment; (3) the kinds of sentences available; (4) the guideline ranges established for the particular crime; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid disparities between defendants' sentences; and (7) the need to provide restitution." *United States v. Cover*, 164 Fed. Appx. 885, 888 (11th Cir. 2006) (unpublished) (citing 18 U.S.C. § 3553(a)).

conclusory.

**Supplemental Claim**

Petitioner seeks to vacate her sentence based on *Johnson v. United States,* 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act (ACCA), *see* 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional. Petitioner's claim has no merit because she was not sentenced under the ACCA (see PSR and cr Dkt. 239).

ACCORDINGLY, Petitioner's motion to vacate, set aside, or correct an illegal sentence (cv Dkt. 1) is **DENIED**. The **Clerk** is directed to enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner is not entitled to a certificate of appealability. She has no absolute right to appeal the denial of her § 2255 motion. 28 U.S.C. § 2253(c)(1). The district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue. . .only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make that showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  Because Petitioner cannot demonstrate that reasonable jurists would debate whether the procedural determination that her claims were procedurally defaulted was correct, and whether the petition stated a valid claim of the denial of a constitutional right, she cannot make the requisite showing.  And because she is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

      **DONE AND ORDERED** on July 26, 2016.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copy furnished to: Petitioner *pro se*